# DISTRICT COURT OF MARYLAND FOR Prince George's County

**LOCATED AT (COURT ADDRESS)**
14735 Main Street
Upper Marlboro, MD 20772

**COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT**
☐ $5,000 or under ☐ over $5,000 ☒ over $10,000

Clerk: Please docket this case in an action of ☐ contract ☒ tort ☐ replevin ☐ detinue ☐ bad faith insurance claim

The particulars of this case are:

See Attached Complaint.

**CASE NO.**
CV

**PARTIES**

Plaintiff
Linda Smith, et al.
5651 Kennedy Street, Apt. 104
Riverdale, MD 20737

VS.

Defendant(s):
1. Washington Metropolitan Area Transit Authority
600 Fifth Street, NW
Washington, DC 20001

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

2. William Harrison
6402 Randolph Road
Suitland, MD 20746

Serve by:
☐ Certified Mail
☒ Private Process
☐ Constable
☐ Sheriff

3.

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

[Stamp: RECEIVED JAN 0 2 2018]

4.

Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

(See Continuation Sheet)

The Plaintiff claims $ 15,000.00 , plus interest of $ _____,
Interest at the ☒ legal rate ☐ contractual rate calculated at _____
%, from _____ to _____ ( _____ days x $ _____ per day) and attorney's fees of $ _____ plus court costs.
☐ Return of the property and damages of $ _____ for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of $ _____ for its detention in action of detinue.
☐ Other: _____
and demands judgment for relief.

_____/ Attorney Code 011991
Signature of Plaintiff/Attorney/Attorney Code
Printed Name: Terrence R. Decker
Address: 10 E. Chase Street, Baltimore, MD 21202
Telephone Number: 410-870-9090
Fax: 410-800-8799
E-mail: Terrence@dtlawmd.com

**ATTORNEYS**
For Plaintiff - Name, Address, Telephone Number & Code
Terrence R. Decker
Decker, Tychostup & Friedman, LLC
10 E. Chase Street
Baltimore, MD 21202
Attorney Code 011991

**MILITARY SERVICE AFFIDAVIT**

☐ Defendant(s) _____ is/are in the military service.
☐ No Defendant is in the military service. The facts supporting this statement are: _____

*Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.*

☒ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

12/28/2017
Date

_____
Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT** (See Plaintiff Notice on Back Page)
Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☐ _____ ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

_____
Date

_____
Signature of Affiant

DC-CV-001 (front) (Rev. 01/2016)

## NOTICE TO DEFENDANT

### Before Trial

**If you agree that you owe the Plaintiff the amount claimed,** you may contact the Plaintiff (or Plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the Court to consider. **If you do nothing,** a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

**IF YOU DISAGREE WITH THE COURT'S RULING,** you may:

1. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees, DCA-109A), unless the Court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:

    - **more than $5,000,** you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure, DCA-027BR).

    - **$5,000 or less,** you will have a new trial in the Circuit Court.

    On your trial date you should bring with you any evidence that you want the Court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the Court denies your Motion, you may still file an appeal; if the Court grants your Motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

**IF YOU DECIDE NOT TO APPEAL AND NOT TO FILE ONE OF THE ABOVE MOTIONS,** you may contact the Plaintiff or Plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the Plaintiff or Plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.

2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.

3. **Writ of Execution:** The Court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form, DC-CV-040. Further, the Court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

4. **Garnishment of Property:** The Court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.

5. **Garnishment of Wages:** The Court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. The clerk of the Court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: http://www.mdcourts.gov/district/public_brochures.html.**

## NOTICE TO PLAINTIFF

**REQUESTING A JUDGMENT BY AFFIDAVIT OR DEFAULT:**
Federal Law requires the filing of a military service affidavit. Information about the Servicemembers Civil Relief Act and the required affidavit can be found on the court's website at: http://mdcourts.gov/reference/scra.html.

**AFTER THE COURT ENTERS A JUDGMENT:**
1. If the Court enters a judgment for a sum certain, you have the right to file for a lien on real property.
2. If you disagree with the outcome of the case, you have the same post-trial rights as the Defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

DC-CV-001 (back) (Rev. 01/2016)

# IN THE DISTRICT COURT FOR PRINCE GEORGE'S COUNTY
## STATE OF MARYLAND

| | |
|---|---|
| LINDA SMITH <br> 5651 Kennedy Street <br> Apartment 104 <br> Riverdale, MD 20737 <br><br> and <br><br> LINDA SMITH, individually and as mother, guardian and next friend of ZAIRE SHARP, a minor. <br> 5651 Kennedy Street <br> Apartment 104 <br> Riverdale, MD 20737 <br><br> and <br><br> LINDA SMITH, individually and as mother, guardian and next friend of ARIANNA BAKER, a minor. <br> 5651 Kennedy Street <br> Apartment 104 <br> Riverdale, MD 20737 <br><br> and <br><br> LINDA SMITH, individually and as mother, guardian and next friend of KEITH BAKER, a minor. <br> 5651 Kennedy Street <br> Apartment 104 <br> Riverdale, MD 20737 <br><br> *Plaintiffs,* <br><br> v. <br><br> WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY <br> 600 Fifth Street, NW <br> Washington, DC 20001 <br><br> and | Case No.: |

| | |
|---|---|
| WILLIAM HARRISON | * |
| 6402 Randolph Road | * |
| Suitland, MD 20746 | * |
| | * |
| *Defendants.* | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW COMES the Plaintiffs, Linda Smith, and Linda Smith, individually and as mother, guardian and next friend of Zaire Sharp, Arianna Baker, and Keith Baker, minor children, by and through their attorneys, Terrence R. Decker, Esquire and Decker, Tychostup, & Friedman, LLC, and sues Defendants Washington Metropolitan Area Transit Authority and William Harrison and states the following:

## JURIDICTION AND VENUE

1. That Plaintiff, Linda Smith, is an adult resident of Prince George's County, Maryland and is mother, guardian, and next friend of Plaintiffs Zaire Sharp, Arianna Baker, and Keith Baker, minor children who all reside in Prince George's County in the State of Maryland.

2. The Defendant, Washington Metropolitan Area Transit Authority (hereinafter "Defendant WMATA"), is incorporated in Washington D.C., and engages in the business of transportation in the State of Maryland.

3. The Defendant, WMATA, is at all material times hereto, a foreign corporation which is doing business in the State of Maryland including providing transportation services either directly or indirectly through one or more agents through the State of Maryland, and thus engaged in the business of transportation services in the State of Maryland

4. The Defendant, William Harrison (hereinafter "Defendant Harrison"), is an adult resident of Prince Georges County, Maryland.

5. Jurisdiction is proper in this Court pursuant to Cts. & Jud. Proc. Art. § 6-103, as the

cause of action arose in the State of Maryland.

6. Venue is proper in this Court pursuant to Cts. & Jud. Proc. Art. § 6-202(8), as the cause of action arose in Prince George's County, Maryland, at the intersection of Landover Road and Old Landover Road.

## FACTS COMMON TO ALL COUNTS

7. On October 09, 2015, and prior and subsequent thereto, Defendant WMATA, owned, possessed, controlled, maintained and managed a vehicle (hereinafter "WMATA Bus") operated by Brett Bradford (hereinafter "Mr. Bradford"), an agent, employee or servant of Defendant WMATA, to provide transportation in the State of Maryland.

8. On October 09, 2015 the Plaintiffs, Linda Smith (hereinafter "Plaintiff Smith"), Zaire Sharp (hereinafter "Plaintiff Sharp"), Arianna Baker (hereinafter "Plaintiff A. Baker"), and Keith Baker (hereinafter "Plaintiff K. Baker"), passengers in a vehicle driven by Defendant Harrison, that was legally traveling Westbound on Landover Road at the intersection of Landover Road and Old Landover Road.

9. At the same time, date and location, Mr. Bradford was driving the WMATA Bus travelling Eastbound on Landover Road and was stopped at the intersection of Landover Road and Old Landover Road waiting to make a left-hand turn onto Old Landover Road. Mr. Bradford proceeded to make a left hand turn to continue Northbound onto Old Landover Road when the WMATA Bus was struck by the vehicle driven by Defendant Harrison containing the Plaintiffs.

10. The impact of the vehicle containing the Plaintiffs into the WMATA Bus caused Plaintiff Smith, Plaintiff Sharp, Plaintiff A. Baker, and Plaintiff K. Baker to suffer serious injury about their back, neck, leg, head, body, and limbs, and to suffer great mental anguish.

11. At all times relevant hereto, Mr. Bradford was employed by Defendant WMATA.

12. That under the doctrine of Respondeat Superior the owner of the bus and employer of Brett Bradford, the Defendant, Washington Metropolitan Area Transit, is liable to the Plaintiffs for the injuries caused by its agent/servant/employee/permissive user, Mr. Bradford.

### COUNT I – NEGLIGENCE
### Linda Smith v. Defendant WMTA

13. Plaintiff Smith hereby incorporates by reference as if fully stated herein paragraphs 1-12.

14. On October 09, 2015 at 8:18 p.m., Plaintiff Smith was a passenger in a vehicle legally traveling Westbound on Landover Road.

15. At the same time, date and location, Mr. Bradford did negligently, carelessly, and without warning, fail to yield to the right of way, fail to control the speed of the WMATA Bus, and fail to stop its vehicle resulting in a collision with the vehicle containing Plaintiff Smith.

16. That Mr. Bradford had a duty of care to operate his vehicle in a proper fashion. The collision was due to the negligence and carelessness on the part of Mr. Bradford, in the following respects:

   a. Failure to keep a proper lookout;

   b. Failure to maintain control of said motor vehicle;

   c. Failure to yield to the right of way of oncoming traffic;

   d. Failure to grant right of way;

   e. In causing the respective motor vehicles to collide on the public roadway;

   f. Failure to abide with lane instructions

   g. In failing to observe due precautions for the safety of other vehicles, and the passengers in those vehicles;

    h. In failing to observe the presence upon the public roadway of other motor vehicles in time to avoid the collisions thereof;

    i. In operating, managing and causing their motor vehicles to be operated and managed in a careless and reckless manner;

    j. In failing to divert the course of travel of the motor vehicle they were operating when they knew or should have known that the continuance of such path would have resulted in a collision;

    k. Failure to observe Maryland Boulevard Law; and

    l. In other respects.

17. That Mr. Bradford's negligence proximately caused Plaintiff Smith to suffer serious injuries about her back, neck, left knee, right breast, head, body, and limbs and to suffer great mental anguish. All such injuries were caused solely by the negligence of Mr. Bradford without any negligence by Plaintiff Smith.

18. That under the doctrine of Respondeat Superior the owner of the bus and employer of Brett Bradford, Defendant WMATA, is liable to Plaintiff Smith for the injuries caused by its agent/servant/employee/permissive user, Mr. Bradford.

WHEREFORE, the Plaintiff, Linda Smith, demands judgment be entered against the Defendant, Washington Metropolitan Area Transit Authority, in the amount of Fifteen Thousand Dollars ($15,000.00) plus the cost of this suit, pre-judgment interest and post-judgment interest.

### COUNT II – NEGLIGENCE
### Zaire Sharp v. Defendant WMTA

19. Plaintiff Sharp hereby incorporates by reference as if fully stated herein paragraphs 1-18.

20. On October 09, 2015 at 8:18 p.m., Plaintiff Sharp was a passenger in a vehicle

legally traveling Westbound on Landover Road.

21.     At the same time, date and location, Mr. Bradford did negligently, carelessly, and without warning, fail to yield to the right of way, fail to control the speed of the WMATA Bus, and fail to stop its vehicle resulting in a collision with the vehicle containing Plaintiff Sharp.

22.     That Mr. Bradford had a duty of care to operate his vehicle in a proper fashion. The collision was due to the negligence and carelessness on the part of Mr. Bradford, in the following respects:

a. Failure to keep a proper lookout;

    b. Failure to maintain control of said motor vehicle;

    c. Failure to yield to the right of way of oncoming traffic;

    d. Failure to grant right of way;

    e. In causing the respective motor vehicles to collide on the public roadway;

    f. Failure to abide with lane instructions

    g. In failing to observe due precautions for the safety of other vehicles, and the passengers in those vehicles;

    h. In failing to observe the presence upon the public roadway of other motor vehicles in time to avoid the collisions thereof;

    i. In operating, managing and causing their motor vehicles to be operated and managed in a careless and reckless manner;

    j. In failing to divert the course of travel of the motor vehicle they were operating when they knew or should have known that the continuance of such path would have resulted in a collision;

    k. Failure to observe Maryland Boulevard Law; and

        l. In other respects.

23.    That Mr. Bradford's negligence proximately caused Plaintiff Sharp to suffer serious injuries about his head, body, and limbs, and to suffer great mental anguish. All such injuries were caused solely by the negligence of Mr. Bradford without any negligence by Plaintiff Sharp.

24.    That under the doctrine of Respondeat Superior the owner of the bus and employer of Brett Bradford, Defendant WMATA, is liable to Plaintiff Sharp for the injuries caused by its agent/servant/employee/permissive user, Mr. Bradford.

WHEREFORE, the Plaintiff, Ziare Sharp, demands judgment be entered against the Defendant, Washington Metropolitan Area Transit Authority, in the amount of Fifteen Thousand Dollars ($15,000.00) plus the cost of this suit, pre-judgment interest and post-judgment interest.

## COUNT III – NEGLIGENCE
### Arianna Baker v. Defendant WMTA

25.    Plaintiff A. Baker hereby incorporates by reference as if fully stated herein paragraphs 1-24.

26.    On October 09, 2015 at 8:18 p.m., Plaintiff A. Baker was a passenger in a vehicle legally traveling Westbound on Landover Road.

27.    At the same time, date and location, Mr. Bradford did negligently, carelessly, and without warning, fail to yield to the right of way, fail to control the speed of the WMATA Bus, and fail to stop its vehicle resulting in a collision with the vehicle containing Plaintiff A. Baker.

28.    That Mr. Bradford had a duty of care to operate his vehicle in a proper fashion. The collision was due to the negligence and carelessness on the part of Mr. Bradford, in the following respects:

a. Failure to keep a proper lookout;

    b. Failure to maintain control of said motor vehicle;

  c. Failure to yield to the right of way of oncoming traffic;

  d. Failure to grant right of way;

  e. In causing the respective motor vehicles to collide on the public roadway;

  f. Failure to abide with lane instructions

  g. In failing to observe due precautions for the safety of other vehicles, and the passengers in those vehicles;

  h. In failing to observe the presence upon the public roadway of other motor vehicles in time to avoid the collisions thereof;

  i. In operating, managing and causing their motor vehicles to be operated and managed in a careless and reckless manner;

  j. In failing to divert the course of travel of the motor vehicle they were operating when they knew or should have known that the continuance of such path would have resulted in a collision;

  k. Failure to observe Maryland Boulevard Law; and

  l. In other respects.

29. That Mr. Bradford's negligence proximately caused Plaintiff A. Baker to suffer serious injuries about her head, body, and limbs and to suffer great mental anguish. All such injuries were caused solely by the negligence of Mr. Bradford without any negligence by Plaintiff A. Baker.

30. That under the doctrine of Respondeat Superior the owner of the bus and employer of Brett Bradford, Defendant WMATA, is liable to Plaintiff A. Baker for the injuries caused by its agent/servant/employee/permissive user, Mr. Bradford.

WHEREFORE, the Plaintiff, Arianna Baker, demands judgment be entered against the Defendant, Washington Metropolitan Area Transit Authority, in the amount of Fifteen Thousand Dollars ($15,000.00) plus the cost of this suit, pre-judgment interest and post-judgment interest.

### COUNT IV – NEGLIGENCE
### Keith Baker v. Defendant WMTA

31. Plaintiff Smith hereby incorporates by reference as if fully stated herein paragraphs 1-30.

32. On October 09, 2015 at 8:18 p.m., Plaintiff K. Baker was a passenger in a vehicle legally traveling Westbound on Landover Road.

33. At the same time, date and location, Mr. Bradford did negligently, carelessly, and without warning, fail to yield to the right of way, fail to control the speed of the WMATA Bus, and fail to stop its vehicle resulting in a collision with the vehicle containing Plaintiff K. Baker.

34. That Mr. Bradford had a duty of care to operate his vehicle in a proper fashion. The collision was due to the negligence and carelessness on the part of Mr. Bradford, in the following respects:

    a. Failure to keep a proper lookout;

    b. Failure to maintain control of said motor vehicle;

    c. Failure to yield to the right of way of oncoming traffic;

    d. Failure to grant right of way;

    e. In causing the respective motor vehicles to collide on the public roadway;

    f. Failure to abide with lane instructions

    g. In failing to observe due precautions for the safety of other vehicles, and the passengers in those vehicles;

    h. In failing to observe the presence upon the public roadway of other motor

vehicles in time to avoid the collisions thereof;

i. In operating, managing and causing their motor vehicles to be operated and managed in a careless and reckless manner;

j. In failing to divert the course of travel of the motor vehicle they were operating when they knew or should have known that the continuance of such path would have resulted in a collision;

k. Failure to observe Maryland Boulevard Law; and

l. In other respects.

35. That Mr. Bradford's negligence proximately caused Plaintiff K. Baker to suffer serious injuries about his head, body, and limbs and to suffer great mental anguish. All such injuries were caused solely by the negligence of Mr. Bradford without any negligence by Plaintiff K. Baker.

36. That under the doctrine of Respondeat Superior the owner of the bus and employer of Brett Bradford, Defendant WMATA, is liable to Plaintiff K. Baker for the injuries caused by its agent/servant/employee/permissive user, Mr. Bradford.

WHEREFORE, the Plaintiff, Keith Baker, demands judgment be entered against the Defendant, Washington Metropolitan Area Transit Authority, in the amount of Fifteen Thousand Dollars ($15,000.00) plus the cost of this suit, pre-judgment interest and post-judgment interest.

### COUNT V – NEGLIGENCE
### Linda Smith v. William Harrison

37. Plaintiff Smith hereby incorporates by reference as if fully stated herein paragraphs 1-36.

38. On October 09, 2015 at 8:18 p.m., Plaintiff Smith was a passenger in a vehicle driven by Defendant Harrison legally traveling Westbound on Landover Road.

39. At the same time, date and location, Defendant Harrison did negligently, carelessly, and without warning, fail to yield to the right of way, fail to control the speed of his vehicle, and failed to stop his vehicle resulting in a collision with the WMATA Bus.

40. That Defendant Harrison had a duty of care to operate his vehicle in a proper fashion. The collision was due to the negligence and carelessness on the part of Defendant Harrison, in the following respects:

    m. Failure to keep a proper lookout;

    n. Failure to maintain control of said motor vehicle;

    o. Failure to yield to the right of way of oncoming traffic;

    p. Failure to grant right of way;

    q. In causing the respective motor vehicles to collide on the public roadway;

    r. Failure to abide with lane instructions

    s. In failing to observe due precautions for the safety of other vehicles, and the passengers in those vehicles;

    t. In failing to observe the presence upon the public roadway of other motor vehicles in time to avoid the collisions thereof;

    u. In operating, managing and causing their motor vehicles to be operated and managed in a careless and reckless manner;

    v. In failing to divert the course of travel of the motor vehicle they were operating when they knew or should have known that the continuance of such path would have resulted in a collision;

    w. Failure to observe Maryland Boulevard Law; and

    x. In other respects.

41. That Defendant Harrison's negligence proximately caused Plaintiff Smith to suffer serious injuries about her head, body, and limbs and to suffer great mental anguish. All such injuries were caused solely by the negligence of Defendant Harrison without any negligence by Plaintiff Smith.

WHEREFORE, the Plaintiff, Linda Smith, demands judgment be entered against the Defendant William Harrison, in the amount of Fifteen Thousand Dollars ($15,000.00) plus the cost of this suit, pre-judgment interest and post-judgment interest.

### COUNT VI – NEGLIGENCE
### Zaire Sharp v. Willaim Harrison

42. Plaintiff Sharp hereby incorporates by reference as if fully stated herein paragraphs 1-41.

43. On October 09, 2015 at 8:18 p.m., Plaintiff Sharp was a passenger in a vehicle driven by Defendant Harrison legally traveling Westbound on Landover Road.

44. At the same time, date and location, Defendant Harrison did negligently, carelessly, and without warning, fail to yield to the right of way, fail to control the speed of his vehicle, and failed to stop his vehicle resulting in a collision with the WMATA Bus.

45. That Defendant Harrison had a duty of care to operate his vehicle in a proper fashion. The collision was due to the negligence and carelessness on the part of Defendant Harrison, in the following respects:

a. Failure to keep a proper lookout;

    b. Failure to maintain control of said motor vehicle;

    c. Failure to yield to the right of way of oncoming traffic;

    d. Failure to grant right of way;

    e. In causing the respective motor vehicles to collide on the public roadway;

    f. Failure to abide with lane instructions

    g. In failing to observe due precautions for the safety of other vehicles, and the passengers in those vehicles;

    h. In failing to observe the presence upon the public roadway of other motor vehicles in time to avoid the collisions thereof;

    i. In operating, managing and causing their motor vehicles to be operated and managed in a careless and reckless manner;

    j. In failing to divert the course of travel of the motor vehicle they were operating when they knew or should have known that the continuance of such path would have resulted in a collision;

    k. Failure to observe Maryland Boulevard Law; and

    l. In other respects.

46. That Defendant Harrison's negligence proximately caused Plaintiff Sharp to suffer serious injuries about his head, body, and limbs and to suffer great mental anguish. All such injuries were caused solely by the negligence of Defendant Harrison without any negligence by Plaintiff Sharp.

WHEREFORE, the Plaintiff, Zaire Sharp, demands judgment be entered against the Defendant William Harrison, in the amount of Fifteen Thousand Dollars ($15,000.00) plus the cost of this suit, pre-judgment interest and post-judgment interest.

## COUNT VII – NEGLIGENCE
### Arianna Baker v. William Harrison

47. Plaintiff A. Baker hereby incorporates by reference as if fully stated herein paragraphs 1-46.

48. On October 09, 2015 at 8:18 p.m., Plaintiff A. Baker was a passenger in a vehicle driven by Defendant Harrison legally traveling Westbound on Landover Road.

49. At the same time, date and location, Defendant Harrison did negligently, carelessly, and without warning, fail to yield to the right of way, fail to control the speed of his vehicle, and failed to stop his vehicle resulting in a collision with the WMATA Bus.

50. That Defendant Harrison had a duty of care to operate his vehicle in a proper fashion. The collision was due to the negligence and carelessness on the part of Defendant Harrison, in the following respects:

a. Failure to keep a proper lookout;

    b. Failure to maintain control of said motor vehicle;

    c. Failure to yield to the right of way of oncoming traffic;

    d. Failure to grant right of way;

    e. In causing the respective motor vehicles to collide on the public roadway;

    f. Failure to abide with lane instructions

    g. In failing to observe due precautions for the safety of other vehicles, and the passengers in those vehicles;

    h. In failing to observe the presence upon the public roadway of other motor vehicles in time to avoid the collisions thereof;

    i. In operating, managing and causing their motor vehicles to be operated and managed in a careless and reckless manner;

    j. In failing to divert the course of travel of the motor vehicle they were operating when they knew or should have known that the continuance of such path would have resulted in a collision;

      k. Failure to observe Maryland Boulevard Law; and

      l. In other respects.

51. That Defendant Harrison's negligence proximately caused Plaintiff A. Baker to suffer serious injuries about her head, body, and limbs and to suffer great mental anguish. All such injuries were caused solely by the negligence of Defendant Harrison without any negligence by Plaintiff A. Baker.

WHEREFORE, the Plaintiff, Arianna Baker, demands judgment be entered against the Defendant William Harrison, in the amount of Fifteen Thousand Dollars ($15,000.00) plus the cost of this suit, pre-judgment interest and post-judgment interest.

## COUNT VIII – NEGLIGENCE
### Keith Baker v. William Harrison

52. Plaintiff K. Baker hereby incorporates by reference as if fully stated herein paragraphs 1-51.

53. On October 09, 2015 at 8:18 p.m., Plaintiff K. Baker was a passenger in a vehicle driven by Defendant Harrison legally traveling Westbound on Landover Road.

54. At the same time, date and location, Defendant Harrison did negligently, carelessly, and without warning, fail to yield to the right of way, fail to control the speed of his vehicle, and failed to stop his vehicle resulting in a collision with the WMATA Bus.

55. That Defendant Harrison had a duty of care to operate his vehicle in a proper fashion. The collision was due to the negligence and carelessness on the part of Defendant Harrison, in the following respects:

      a. Failure to keep a proper lookout;

      b. Failure to maintain control of said motor vehicle;

  c. Failure to yield to the right of way of oncoming traffic;

  d. Failure to grant right of way;

  e. In causing the respective motor vehicles to collide on the public roadway;

  f. Failure to abide with lane instructions

  g. In failing to observe due precautions for the safety of other vehicles, and the passengers in those vehicles;

  h. In failing to observe the presence upon the public roadway of other motor vehicles in time to avoid the collisions thereof;

  i. In operating, managing and causing their motor vehicles to be operated and managed in a careless and reckless manner;

  j. In failing to divert the course of travel of the motor vehicle they were operating when they knew or should have known that the continuance of such path would have resulted in a collision;

  k. Failure to observe Maryland Boulevard Law; and

  l. In other respects.

56. That Defendant Harrison's negligence proximately caused Plaintiff K. Baker to suffer serious injuries about his head, body, and limbs and to suffer great mental anguish. All such injuries were caused solely by the negligence of Defendant Harrison without any negligence by Plaintiff K. Baker.

WHEREFORE, the Plaintiff, Keith Baker, demands judgment be entered against the Defendant William Harrison, in the amount of Fifteen Thousand Dollars ($15,000.00) plus the cost of this suit, pre-judgment interest and post-judgment interest.

Respectfully submitted,

*[signature]*

Terrence R. Decker, Esquire (#011991)
Decker, Tychostup & Friedman, LLC
10 E. Chase Street
Baltimore, Maryland 21202
Tele: 410-870-9090
Facsimile: 410-800-8799
Terrence@DTLAWMD.com
*Attorney for the Plaintiffs*